UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PAMELA J. JUSTUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:11-CV-148 |
| | ) | (REEVES/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition of Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [Doc. 14], filed on November 13, 2013, and the Plaintiff's Attorney's Amended Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [Doc. 16], filed on November, 19, 2013.[1] The Plaintiff requests the Court enter an Order awarding attorney fees in the amount of $3,701.50.[2] [Doc. 16].

**I.  BACKGROUND**

On July 22, 2011, the Plaintiff filed a Motion for Summary Judgment and Memorandum

---

[1] The Court notes that the only difference between the Plaintiff's first motion and his amended motion is the support provided for the reasonableness of the requested fee. The Plaintiff originally provided that the requested fee is within the statutory minimum. [Doc. 15 at 4]. The amended motion supplements the support by adding that the amount requested is merely the hours worked by the billable hourly rate. [Doc. 17 at 4].

[2] The Court also notes that the Plaintiff's counsel requested $3,701.50 in the original and amended motion for attorney fees [Docs. 14 and 16], and the Commissioner listed $3,701.50 as the requested amount. [Doc. 18]. However, the Plaintiff's counsel listed $3,705.51 in his amended brief as the amount requested. [Doc. 17 at 1]. The Court will assume the amount in the original and amended motions and the Commissioner's response, *i.e.* $3,701.50, is correct.

1

in Support [Docs. 9 and 10]. The parties subsequently filed a Joint Motion for Entry of Judgment with Remand under Sentence Four of 42 U.S.C. § 405(g) [Doc. 11] on August 22, 2011. On August 25, 2011, United States District Judge Thomas Phillips entered an Order [Doc. 12] granting the parties' joint motion for a sentence four remand. A Judgment [Doc. 13] was entered by the Clerk of Court on the same day.

II.   POSITION OF THE PARTIES

Plaintiff's counsel requests [Doc. 16] attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $3,701.50 for 19.75 attorney hours at $187.42 per hour. Counsel submits that in accordance with section 406(b) and his contingent fee agreement with the Plaintiff, counsel would ordinarily be entitled to $7,392.51 which represents the balance of 25% past due benefits awarded on the Plaintiff's claim and is currently being withheld by the Social Security Administration's Office of Central Operations, nonetheless, Plaintiff's counsel only seeks $3,701.50. [Doc. 17 at 3].

The Commissioner does not object to a fee request of $3,701.50 [Doc. 18].

III.  ANALYSIS

Now before the Court is a request from Plaintiff's counsel for attorney's fees pursuant to 42 U.S.C. § 406(b). Three conditions must be met before fees will be awarded:

1. The Court must have rendered a judgment favorable to the Plaintiff;

2. The Plaintiff must have been represented by counsel; and

3. The Court must find that the fee is reasonable and not in excess

2

of twenty-five (25) percent of the total past due benefits to which the Plaintiff is entitled.

See 42 U.S.C. § 406(b)(1)(A).

A.     **The Plaintiff has received a favorable judgment**

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of section 406(b), may be considered a "favorable judgment." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

Thus, the Court finds the first condition for granting attorney's fees under section 406(b) has been met.

B.     **The Plaintiff was represented by counsel**

In support of his motion for attorney's fees, Plaintiff's counsel attached to the amended brief an itemization of hours [Doc. 17-1] for services performed in representation of the Plaintiff in this case. Further, counsel attached a dated and signed retainer agreement detailing the terms of the relationship and payment requirements. [Doc. 15-4].

Thus, the Court finds that the Plaintiff was represented by counsel for this claim.

C.     **The requested fee amount is reasonable**

Counsel for the Plaintiff submits that the requested fee is less than both the amount being withheld which represents 25% of the past due benefits awarded and the agreed upon amount in the contingent fee agreement. [Doc. 17 at 3]. Counsel also points out that approval for the fee should also result in a return of the balance withheld to the Plaintiff by the Office of Central

3

Operations in the amount of $3,691.01[3]$ ($7,392.51-$3,701.50). [Id. at 4]. Further, counsel argues that if the matter were not based on a contingency agreement, then the amount owed to the attorney would be the 19.75 hours worked at $187.42 per billable hour. [Id.]. The Commissioner also agrees that pursuant to section 406(b), counsel is entitled to the requested $3,701.50 in attorney's fees, which is less than 25% of the Plaintiff's past-due benefits for this claim. [Doc. 18].

Even with an unopposed motion for attorney's fees, courts must still determine whether the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). If the fees requested are within 25% of the past-due benefits awarded, the claimant must show that the fee requested is reasonable. See Gisbrecht, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989).

The Plaintiff, in support of the motion for attorney's fees, submitted the Retainer Agreement [Doc. 15-4], the letter from the Social Security Administration verifying that $7,392.51 was being held in anticipation of a direct payment of authorized attorney's fees [Doc. 15-1], and an itemization detailing the 19.75 hours spent working on this case [Doc. 17-1]. Accordingly, based upon the number of attorney hours expended litigating this case and the attorney's fees requested, the Court finds that the amount requested for counsel's services is reasonable and that it does not constitute a windfall as a matter of law.

---

[3] In the Plaintiff's Attorney's Amended Brief in Support of Motion for an Award of Attorney Fees Under 42 U.S.C. §406(b) [Doc. 17], Plaintiff's counsel states that the remaining balance is $3,691.00. As the Court previously noted, counsel for Plaintiff used $3,701.51 in this document exclusively causing the figure to be $0.01 less.

4

### III. CONCLUSION

Based upon the foregoing, the Court finds that the Plaintiff's amended motion is well-taken. It is hereby **RECOMMENDED**[4] that the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 US.C. § 406(b) [**Doc. 14**] be **DENIED as moot**, the Plaintiff's Attorney's Amended Motion for and Award of Attorney Fees under 42 U.S.C. § 406(b) [**Doc. 16**], be **GRANTED**, and a judgment awarding Plaintiff's counsel the amount of $3,701.50 for attorney fees be entered.

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).